(Rev. 5/05)

ORIGINAL

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) __Aaron K. Carter     179415__
   (Name of Plaintiff)    (Inmate Number)

__D.C.C.__
__1181 Paddock Road__
__Smyrna, DE  19977__
(Complete Address with zip code)

05-676

(2) _____
   (Name of Plaintiff)    (Inmate Number)

_____
(Case Number)
( to be assigned by U.S. District Court)

_____
(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

**CIVIL COMPLAINT**

(1) __Commissioner Stanley Taylor__

(2) __Warden Thomas Carroll__

(3) __Ms. Linda Hunter__
   (Names of Defendants)

(3) Nursing Supervisor  CMS C DCC

(4) Dr. Tammy Y. Kastre

• • Jury Trial Requested

FILED

SEP 16 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I.   **PREVIOUS LAWSUITS**

   A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
        including year, as well as the name of the judicial officer to whom it was assigned:

        None
        _____
        _____
        _____
        _____
        _____

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution?  ··Yes  ··No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims?  ··Yes  ··No

C. If your answer to "B" is Yes:

1. What steps did you take? Several (7) medical and regular grievances filed between 8/15/04 and 7/20/05

2. What was the result? Grievances ignored or remain unresolved in violation of established timeframe/ contacted Del. Center for Justice concerning grievance system

D. If your answer to "B" is No, explain why not: _____

III. **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: Stanley Taylor

Employed as Commissioner at Department of Corrections

Mailing address with zip code: 245 McKee Road
Dover, DE 19904

(2) Name of second defendant: Thomas Carroll

Employed as Warden at Delaware Correctional Center

Mailing address with zip code: 1181 Paddock Road
Smyrna, De 19977

(3) Name of third defendant: Linda Hunter

Employed as Regional Director at Correctional Medical Systems

Mailing address with zip code: 1201 College Park Dr. Suite 101
Dover, DE 19904

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

(4) Nurse Supervisor-Correctional Medical system. D.C.C. 1181 Paddock Rd. Smyrna DE 19977

(5) Dr. Tammy Y. Kastre- First Correctional Medical 6861 N. Oracle Rd. Tucson, Arizona 85704

IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. See attachments

2.

3.

V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that this action be maintained as a class action. Declare that placing in Security Housing Unit(SHU) and other units where locked in cells 165 hours per week, served cold meals three times a day, denied appropriate showers, and denied prompt and adequate medical attention, those suffering with HIV/AIDS and other chronic medical problems, deprive them of their rights under the eigth and fourteenth amendment to the U.S. Const. and under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. section 794(1982). Appointment of Counsel.

IV. STATEMENT OF CLAIM

    The Plaintiff was diagnosed with AIDS (aquired immune deficiency syndrome) and AIDS related illnesses or infections (the spectrum of these diseases are referred herein as "HIV disease"). The aforementioned diagnoses was in 1998. On March 1, 2004 Plaintiff was placed in "Security Housing Unit" (SHU) for an alledged altercation with another inmate, lying and threatening and disorderly behavior. In fact the total of aforementioned issues related to the Plaintiff being HIV positive. Plaintiff was not granted inmate representation nor permitted to call witnesses at the hearing. In SHU Plaintiff only permitted shower and recreation three hours per week.

    Plaintiff was suffering with rashes, dizziness, weight loss, and other medical problems. When these issues brought to attention of various nurses employed by First Correctional Medical Inc, many stated that Plaintiff didn't need to be in this type of environment, but that security administration would have to make the move. From the commencement of the SHU confinement Plaintiff submitted grievance and written letters to defendants, notonce was correspondence responded to. There are many inmates suffering HIV/AIDS, Hep C, and Cronic illness housed in SHU and MHU(Building 21), denied medical treatment unless they fall out in their cells. It often takes months to be seen by a doctor.

    Within these units the ill, no matter how ill are forced to walk to the main hospital, visits, or interviews, secured by waist chains and leg shackles. Within SHU and Building 21 inmates not permitted to have cains, walkers or wheelchairs to assist in getting around. There has been occassions when Plaintiff has passed blood in urine, which was very painful. Unit Sergeant contacted Medical's evening nurse, who stated she would see Plaintiff, but "Never" did. Submitted series of sick call slips which were ignored. Plaintiff later passed kidney stones. Dr Niaz (First Correctional Medical Inc.) stated Plaintiff resistent to all medications but four. When experienced negitive side effect, Dr. Niaz wouldn't see Plaintiff.

Plaintiff has written to Dr. Tammy Y. Kastre-Director of First Correctional Medical, concerning lack of medical attention, and have received no response. Since being confined in SHU and Bldg 21, Plaintiff has written to Defendants Taylor and Carroll concerning various medical and housing problems, all contacts have been ignored.

Plaintiff has written to the institutions Law Library requesting some type of help in filing litigation. Was informed that "No" legal help even with filling out forms. Only provided copy of cases if Plaintiff somehow already knew the names of same. On September 6, 2004 informed nurse (First Correctional Medical) forgot Plaintiff's videx medication, and stated would secure same, but did not return with the much needed medication. A grievance was filed but again no action was received. Other occassions when informed that medication wasn't in cup, informed other shift would provide, but medication was never provided.

As a result of First Correctional Medical and Correctional Systems refusal to see inmates housed in SHU or Building 21 in a confidential manner, the status of the Plaintiff and other inmates that suffer from HIV/AIDS, Hep C, and other Chronic illnesses, has resulted in we as a class being harassed and discriminated against by both inmates and Correctional Staff.

Between June 30, 2005 and July 10, 2005 Plaintiff experienced a series of serious medical problems, ie passing blood, problems with rashes, weight loss, and dizziness, compounded by refusal to refill medication. (Correctional Medical Systems). Inmate Sheikh Shamsidin Ali (Robert Saunders) recommended that Plaintiff write to the Director of Delaware Center For Justice. This brought about a visit from the Director and two other individuals that promised to look into the issues. The Plaintiff is often hardly walk, even to his cell, door to secure his food tray. Since being housed in SHU and Building 21, in conjunction with all other inmates the Plaintiff receives, totally cold meals, even those receiving diet trays. The meals are ferried from Main Kitchen via trucks to Building 24, where food is placed on individual serving trays. THe trays are placed on wheeled tables and ferried to Building 21, then served by Correctional staff to four units (A,B,C and D). Numerous grievances have been filed in

connection with cold food, and often not receiving juice and coffee. THe Correctional Staff state that the kitchen didn't send enough, file a grievance, knowing that the Administrative Remedies don't exist for SHU or Building 21. Those housed in Building 21 are served lesser portions of food than the general population, this affects my health, often severly sick after consuming cold meals where food should be served hot.

    The Plaintiff has been living under these types of conditions with severe medical problems for the last 16.5 months. The above restrictions and conditions which the Defendants have imposed on the Plaintiff and other prisoners similarly situated are not rationally related to legitimate pinological or correctional goals, and deprive said prisoners of rights guaranteed by the Eighth and Fourteenth Amendments to the Constitution of the United States, and the American Disibilities Act. Plaintiff's medical condition required securing the assistance of Inmate Sheikh Shamsidin Ali to assist with this matter. Plaintiff often can not hold pen to paper as a result of dizziness and other health related problems. Often required to just lay in bed as a result of illness and hunger. As far back as 2004 was ordered double portions of food. This order was complied with for only a few days, and no compliance since.

2. Enter an order requiring that defendants develope pro-cedures and staffing to provide plaintiff and members of the class with prompt access to adequate professional medical, dental, psychiatric and psychological services for routine and emergent health needs. Halt movement of genuinely ill inmates in chains and heavy restraints

3. Award compensatory and punitive damages to and class members for the physical and emotional harm toplaintiff as a result of having been confined under the unlawful and unconstitutional conditions described herein due to defendants deliberate and callous indifference; Award attorney fees; other relief this Honorable Court deems proper and just

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __15th__ day of __September__, 2_005_.

__Aaron K Carter__
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4